JOHN S. LYLE and Another, Appellants, v. JOSEPH J. LITTLE and Others, Respondents.

*Wall erected between two lots — interference therewith enjoined — an overhanging wall — title not at issue.*

Where a wall between two lots stands entirely on one of them, the adjoining lot owner will, in a proper case, be enjoined from interfering with such wall, but the owner of the lot on which such wall stands has no right to maintain an overhanging wall which prevents the adjacent owner from erecting a building with a perpendicular side wall upon his own lot. Whatever may have caused such defect in the wall, it will not be allowed to interfere with the rights of the adjacent lot owner.

The title to the land on which a wall adjoining a division line between two lots is to be erected, cannot be determined in an action brought to restrain the owner of the lot on which such wall is to be erected from interfering with or removing any part of the wall built upon the adjoining lot.

APPEAL by the plaintiffs, John S. Lyle and another, from an order of the Supreme Court, made at the New York Special Term on the 14th day of June, 1894, and entered in the office of the clerk of the county of New York, restraining the defendants from removing or cutting a certain wall, in so far as said order excepts from its provisions a portion of such wall.

This action was brought to restrain the defendants from interfering with or removing a wall alleged to be erected on the plaintiffs' premises.

*Joseph Kling*, for the appellants.

*Alfred B. Thacher*, for the respondents.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements on opinion of Special Term.

The opinion of the Special Term was as follows:

PATTERSON, J.:

It is stated in the complaint in this action that the wall, interference with which on the part of the defendants is enjoined by the temporary injunction, stands altogether upon the plaintiffs' land, and if such is the fact the injunction must be continued.

The question of title to the two inches of ground, which it is said the defendants intend to occupy by their wall, cannot be determined in this action. The answering affidavits state, however, that the defendants have no intention of building beyond their own line, but to prevent any further misunderstanding and dispute with reference to that subject, the injunction will be continued, to prevent any interferences with the plaintiffs' wall as it now stands, except as hereinafter stated.

It is claimed on the part of the defendants that there is an encroachment of the plaintiffs' wall, caused by its bulging or over-reaching at various points the foundation, above the land of the defendants, and that such bulging prevents the erection of a wall on their land, which shall be perpendicular from the foundation to the top of the building. This condition of the wall seems to be established. The plaintiffs have no right by prescription or otherwise to maintain the overhanging wall, so as to prevent the defendants erecting their building with a true perpendicular side wall, or to compel a change in their plans to accord with the defect in the plaintiffs' wall. To whatever cause this encroachment may be attributable, its existence cannot interfere with the defendants' rights, and there is no sound reason suggested why they should be obstructed in the occupation of that space for their building which justly belongs to them. If by cutting in the wall, as the defendants propose to do, the plaintiffs' building may be rendered insecure, it is for them to see that it is made safe, and the answering affidavits show that the defendants have not only expressed a willingness, but that they are ready to co-operate with the plaintiffs in any reasonable method of rendering the plaintiffs' building safe, and for that purpose the plaintiffs would be permitted to enter upon the defendants' land. It is somewhat indefinite from the papers at what part of the wall and to what extent this overhanging exists; this is a matter which should be determined by an accurate survey of the wall, so

that a proper provision may be made as to the parts of the wall in respect to which the injunction is not to apply. It would seem appropriate that such a survey should be procured from an officer of the department of buildings of the city of New York.

The injunction will be modified in the manner suggested, and the order may be settled on two days' notice.